

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable John D. Reed, Commissioner
Bureau of Labor Statistics
Austin, Texas

Dear Sir:

Opinion No. 0-3674
Re:  Legality of Boxing contracts.

Your recent request for an opinion from this department has been received and considered.  We quote from your request:

"Attached you will find copies of contracts on file in this office between Marcelino de la Rosa, a boxer, and various managers.

"Contract marked (1) is the original contract between Marcelino de la Rosa, boxer, and John D. Smith, manager, which was duly recorded and filed in this office.  This contract is dated July 25, 1938.

"Letter marked (2) is an official notification from manager John D. Smith releasing Marcelino de la Rosa from his contract with said John D. Smith, dated November 19, 1938.

"Contract marked (3) is an original contract between Marcelino de la Rosa, boxer, and Ira M. Smith, manager, dated November 28, 1938, which was duly recorded and filed in this office.

"Sales agreement marked (4) is a sales contract entered into between John D. Smith and Ira M. Smith, as managers and owners of Marcelino de la Rosa, boxer, in which they transfer ownership as manager and owner of their contract with Marcelino de la Rosa, boxer, to Clayborn Hamon. This contract is dated March 7, 1940, and was duly recorded and filed in this office.

Honorable John D. Reed, Page 2

"Sales agreement marked (5) is an agreement between Clayborn Hamon, owner and manager of Marcelino de la Rosa, boxer, and P.T. Moore, manager, in which the manager and owner contract of said boxer was transferred from Clayborn Hamon to P.T. Moore. This sales agreement is dated July 2, 1940, and was recorded and filed in this office.

"All of the foregoing instruments were apparently recognized as valid contracts by my predecessors in office, but now the question arises as to whether or not these contracts are legal and valid and comply with Article 614-1-17c, Penal Code, Act of the Regular Session of the 43rd Legislature, Chapter 24, page 843, as Amended at the Second Called Session of the 43rd Legislature, effective May 29, 1934."

We have carefully examined these instruments which you have enclosed and to which you refer in your written request.

The statute to which you specifically refer to in your request evidently is Article 614-17a, Vernon's Penal Code of Texas, which reads as follows:

"Art. 514-17a. Assignment of contract for exhibition invalid

"No contract or agreement for any exhibition or exhibitions under the term of this Act shall be transferred or assigned to any third person and shall only be valid and enforceable as between the original parties thereto. Acts 1933, 43rd Leg., p. 843, ch. 241, § 17a."

We have carefully studied the language in the above quoted statute to see if its provisions are applicable to contracts, sales agreements and assignments between boxers and their managers. We have concluded that said statute itself is not clearly applicable to the assignability of contracts between boxers and their managers.

We next consider the validity of the two original contracts executed by the boxer, de la Rosa.

The contract between Marcelino de la Rosa, boxer, and John D. Smith, manager, for a term of five years made it November 19, 1938, is on its face a binding and valid contract. However, the said John D. Smith on November 19, 1938, expressed his intention to release his contract with de la Rosa by a letter addressed to the Honorable F. E. Nichols, then the Labor Commissioner of Texas. This is the letter referred to in your request as (2). This letter was probably written in compliance with subsection 8 of Section 26, of the "Boxing Rules and Regulations" promulgated by the Commissioner of Labor, which reads as follows:

> "The manager shall notify the Commissioner of Labor immediately upon termination of a contract with a boxer or wrestler."

Therefore, we believe, the Labor Commissioner would be authorized to consider the contract between de la Rosa and John D. Smith expressly released by the letter referred to above. Furthermore, we believe there is a release of de la Rosa by the said Smith, by implication, evidenced by the said John D. Smith joining in the purported "sales agreement" (Exhibit No. 4). Under the rules of equity, we believe John D. Smith would be estopped to assert the validity of his original contract with de la Rosa. 17 Tex. Jur. 128-129.

The contract (Exhibit No. 3) between Marcelino de la Rosa and Ira M. Smith, dated November 28, 1938, for a term of five years, is on its face a valid contract. However, an instrument purporting to be a "sales agreement," which has already been referred to, was executed on the 7th day of March, 1940, by the said Ira M. Smith and J. D. Smith as managers and owners of the K. O. Barrado (Marcelino de la Rosa) contract, in behalf of Clayborn Hamon. The validity of such purported "sales agreement" will be hereinafter discussed. However, it is our opinion that the action of said Ira M. Smith, in executing said instrument creates an estoppel against any assertion by him regarding the validity of his original contract with de la Rosa. 17 Tex. Jur. 128-129.

We next consider the validity of the exhibits, (No. 4 and No. 5) one of which is a so-called "sales agreement" and the other appearing to be in the form of a regular assignment.

Article 614-17c, Vernon's Penal Code of the State of Texas, which is a provision of the Texas Boxing and Wrestling Law, provides:

Honorable John D. Reed, Page 4

"The Commissioner of Labor is hereby empowered and it is hereby made his duty to promulgate any and all reasonable rules and regulations which may be necessary for the purpose of enforcing the provisions of this Law. Any such rules and regulations, however, which may be promulgated by the Commissioner of Labor before it shall become effective must be printed and filed as a public record in the office of the Commissioner of Labor, a copy of which shall be furnished by the Commissioner of Labor to any person applying therefor. * * *."

Pursuant thereto, the Commissioner of Labor has promulgated certain official boxing rules and regulations. We quote from Rule No. 25 of such "Boxing Rules and Regulations," as follows:

"25. Managers-Contestants Contracts.--

"In order that a contract between a boxer and a manager be recognized the following requirements are necessary:

"(1) Both manager and boxer shall have a valid license;

"(2) In the case of a minor, the contract shall be signed by his legal guardians;

"(3) A copy of contract shall be filed in the office of the Labor Commissioner at Austin, Texas;

"(4) When a manager is not present at the contest where his boxer is performing, before said boxer may lawfully contract for his own services, it shall be necessary:

"(a) That he present written authority from his manager to sign contract for the fight;

"(b) That he present written authority from his manager to receive purse.

Honorable John D. Reed, Page 5

"In case managerial authority is temporarily transferred to another person as acting manager, said acting manager shall:

"(a)  Hold a valid manager's license;

"(b)  Present written agreement, signed by both boxer and manager;

"(c)  File copy of such written agreement of transfer of authority with the Commissioner of Labor for his approval."

We also quote from Rule 26, under the same heading as follows:

"(8)  Manager shall notify the Commissioner of Labor immediately upon the termination of a contract with a boxer or wrestler."

A consideration of the rules referred to clearly shows that only an "original" contract between the boxer and the manager is contemplated under Rule 25. Section 3 thereof provides that a copy of the contract shall be filed in the Office of the Labor Commissioner at Austin. We believe the contract therein provided for means an original contract and not an assignment or a "sales agreement" of an original contract. We believe this is further evidenced by the provision dealing with instances where managerial authority is temporarily transferred to another person. This provision clearly shows that only two types of managers are contemplated under the rules--the "original manager" who has executed an original contract with the boxer and in particular instances an "acting manager." The rules clearly provide that for a person to act as an "acting manager" he shall present a written agreement signed by both boxer and manager and file the same with the Commissioner of Labor for his approval. Neither the "sales agreement" nor the "assignment" could be said to be original contracts executed by the boxer and manager as required by the boxing rules. The instruments themselves do not show that the boxer gave his consent to a transfer of authority to an "acting manager."

We believe our conclusion with reference to the invalidity of the so-called "sales agreement" and the purported "assignment" is further born out by the fact that a contract between a manager and a boxer is one for personal extraordinary, exceptional

330

and skilful services. It is a well known rule of law that such contracts are not freely assignable by either of the parties thereto without the consent of the other party. 5 Tex. Jur. 12-13. We believe it could be said that the Commissioner of Labor promulgated Rules 25 and 26 with this well known rule of law in mind and to require that the boxer and the manager execute original contracts in every instance, copies to be sent to the Commissioner, and that the manager notify the Commissioner at once upon the termination of his contract with a boxer or wrestler. These requirements would eliminate much, if not all, of the uncertainty of the status of either a boxer or manager with each other and provide a definite means for the Commissioner to know exactly who is the lawful manager of a boxer. This certainty, we think, is necessary to a proper administration of the law. The only exception found in the rules is in instances where managerial authority is temporarily transferred to an "acting manager" and in those instances written authority signed by both the "original" manager and the "boxer" must be presented to the Labor Commissioner for his approval of such transfer of authority. This exception, under the facts submitted by you, does not seem to be applicable to your proposition.

For all of the reasons heretofore discussed, you are respectfully advised that neither of the contracts, nor the "sales agreement," nor the assignment, enclosed with your request, are valid and in force and effect.

Since your predecessors in office were not authorized by law to approve them, the fact that your predecessors in office did approve the "sales agreement" and assignment does not make them valid. You are not bound by their unlawful acts in carrying out your lawful duties. 24 Tex. Jur. 46.

We trust that in this manner we have fully answered your inquiry.

APPROVED JUL 14, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Harold McCracken

Harold McCracken
Assistant

HM:RS

